W. Chad Shear (SBN 230602)
shear@fr.com
Fish & Richardson P.C.
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: (213) 533-4240/Fax: (877) 417-2378

Attorneys for Defendant OPEN AIR ENTERTAINMENT, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NSIXTY, LLC, an Ohio limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>OPEN AIR ENTERTAINMENT LLC, a California limited liability company,<br><br>Defendants. | Case No. 2:17-cv-08650-PSG-(FFMx)<br><br>**DEFENDANT OPEN AIR ENTERTAINMENT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS NSIXTY'S COMPLAINT, AND IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT**<br><br>Hon. Philip S. Gutierrez<br>Courtroom: 6A<br>Complaint Filed: November 30, 2017<br>Hearing: May 7, 2018<br>Time: 1:30 pm |

Case No. 2:17-cv-08650- PSG-(FFMx)

## I.   INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Open Air Entertainment LLC, (Defendant or "Open Air") respectfully moves the Court to dismiss Plaintiff NSixty LLC's ("NSixty") complaint for infringement of U.S. Patent Nos. 8,619,115 ("the '115 patent") and 9,313,456 ("the '456 patent").

## II.   BACKGROUND

Located in Santa Barbara, California, Open Air has been in the business of designing and selling photobooths since 2009.  Two of those photobooths, the Open Air Photobooth and the Micro Booth, are at issue here.

On November 30, 2017, NSixty filed a complaint alleging that Open Air's Open Air Photobooth and Micro Booth infringe two US patents, the '115 patent that issued on December 31, 2013 and the '456 patent that issued on April 12, 2016.  (*See* NSixty Complaint, D.I. 1).  Specifically, Paragraph 18 of NSixty's Complaint sets forth Claim 1 of the '115 patent:

> A video communication system comprising:
> a portable kiosk comprising:
> > a camera configured to record a video communication,
> > a network connection capable of communicating with a network; and
> > a graphical user interface for inputting identification data related to a user;
> > wherein said camera, network connection and graphical user interface are integrated within said portable kiosk,
> > a database connected to said network, said database configured to receive said video communication and said identification data from said kiosk and associate said video communication with said identification data,
> > a remote access point configured to access said video communication from said database by way of a website;

> wherein said user inputs said identification data into said website to communicate with said database, and further wherein said database matches said identification data from said website with said identification data associated with said video communication to allow said user access to said video communication.

(See D.I. 1, ¶18). Thus, Claim 1 requires at a minimum: (1) a video communication system; (2) a portable kiosk; (3) a camera configured for video communication; (4) a network connection; and (5) a graphical user interface for inputting identification data. *Id.* All of that has to be integrated into a portable kiosk and then that portable kiosk has to be connected to a database through a network and a remote access point. *Id.* On top of all of those apparatus, those apparatus have to carry out specific functions.

Despite this incredibly detailed claim, the *only* paragraph in the complaint that actually alleges Open Air's products contain the enumerated apparatus is Paragraph 20.

> 20. The two photo booths are portable, contain integrated cameras configured to record video, have integrated network connections for connecting to the Internet, have integrated graphical user interfaces for inputting a user's identification data, and can connect to a user's online "social media" account for sharing recorded video.

*Id*. at ¶20. There is no identification in either accused product of the actual parts that meet these limitations, no disclosure of any information that was relied on to make this accusation, in fact, there is no evidence of any pre-suit investigation regarding the accused products whatsoever. And the allegation with respect to the '456 patent is just as deficient, if not worse.

Claim 1 of the '456 patent requires:

A portable kiosk system comprising:

```
                an input device integrated within the portable kiosk configured to
                    receive identification information associated with a user; and
                a message-recording device integrated within the portable kiosk and
                    configured to capture media data;
            wherein the portable kiosk component is configured to:
                associate the captured media data with the identification information
                    associated with the user; and
                transmit, to a device connected to a communication network, the
                    captured media data to enable access of the captured media data via the
                    communication network.
```

*See* NSixty Complaint, D.I. 1, at ¶33. Rather than articulate what in the accused products meets these limitations, NSixty simply relies on the bald, conclusory allegations that were made with respect to the '115 patent.

  For at least the same reasons alleged above, Defendant Open Air's "Open Air Photobooth" and "Micro Booth" photo booths both perform and enable Defendant Open Air's customers to perform the unique functions claimed in this patented system. For example, the two photo booths are portable, have integrated graphical user interfaces for inputting a user's identification data, contain integrated cameras configured to record video, have integrated network connections for connecting to the Internet, and can connect to a user's online "social media" account for sharing recorded video. On information and belief, the two photo booths are also configured to transmit captured media data to the online database of Open Air Photobooth Galleries.

*Id.* at 34. Like for the '115 patent, there is absolutely no articulation what aspect of the accused products meet any of these limitations. This type of naked assertion, devoid of factual enhancement, is insufficient as a matter of law.

### III. ARGUMENT

NSixty's complaint alleging that Open Air infringes the two asserted patents should be dismissed because it fails to state a claim on which relief can be granted. NSixty fails to assert facts stating a plausible claim that any specific Open Air product meets all of the patents' limitations.

### A. Legal Standard: Motion to Dismiss Under Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a complaint to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The plaintiff must do more than provide "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint is not "sufficient if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557) (alteration in original). To survive a Rule 12(b)(6) motion, "a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 570); *see also The Beer Barrel, LLC v. Deep Wood Brew Prod., LLC*, No. 2:16-CV-00440-DN-BCW, 2016 WL 5936874, at *5 (D. Utah Oct. 12, 2016) ("A complaint filed in a patent case must comply with the pleading requirements of *Iqbal* and *Twombly*.").

After the Supreme Court's decisions in *Twombly* and *Iqbal*, the Federal Circuit has outlined five requirements for pleading patent infringement: (i) alleging ownership of the patent; (ii) naming each defendant; (iii) citing the patent that is allegedly infringed; (iv) stating the means by which the defendant allegedly infringes; and (v) pointing to the sections of the patent law invoked. *See Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013) (holding complaint properly plead where plaintiff clearly compared patented and accused products, providing

detailed description of accused product); *The Beer Barrel, LLC,* 2016 WL 5936874, at *5 (stating current patent pleading standards "require specific factual allegations").

Even after *Twombly* and *Iqbal*, some courts nevertheless permitted threadbare complaints for direct patent infringement based on the example set forth in Form 18 to the Federal Rules, incorporated via Rule 84. However, at the end of 2015, Congress abrogated Form 18, confirming that it no longer has bearing on the sufficiency of pleading patent infringement. *See Asghari-Kamrani v. United Servs. Auto. Ass'n*, No. 2:15CV478, 2016 WL 1253533, at *3 (E.D. Va. Mar. 22, 2016) ("All Patent complaints filed after December 1, 2015 are subject to the normal pleading standards of Federal Rule of Civil Procedure 8(a)."); *Raindance Techs., Inc. v. 10x Genomics, Inc.*, No. CV 15-152-RGA, 2016 WL 927143, at *2 (D. Del. Mar. 4, 2016) (noting abrogation of Fed. R. C. Pro. Appendix of Forms).

While courts have yet to uniformly decide what precisely must be pled in stating a claim for direct infringement in the wake of Form 18's demise, the bar has undoubtedly risen. *See, e.g., Apollo Fin., LLC v. Cisco Sys., Inc.*, 190 F. Supp. 3d 939, 943 (C.D. Cal. 2016) ("Plaintiff does not state a plausible claim for patent infringement by simply identifying the allegedly infringing products and reciting the elements of a patent infringement claim in a conclusory fashion, absent any factual support."); *Atlas IP LLC v. Pac. Gas & Elec. Co.*, 2016 WL 1719545, at *3 (N.D. Cal. Mar. 9, 2016) (applying the *Twombly/Iqbal* standard and dismissing a post-December 2015 complaint); *Incom Corp. v. The Walt Disney Co.*, No. 2:15-CV-3011-PSG, slip op. at 3 (C.D. Cal. Feb. 4, 2016) ("Form 18 no longer provides a safe harbor for pleading direct infringement."). Adherence to Rule 8 is especially important here because patent cases inherently risk having opportunistic plaintiffs use the high costs of litigation to extract nuisance settlements. *See, e.g., USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1930 (2015) ("Some companies may use patents as a sword to go after defendants for money, even when their claims are frivolous.").

### B.  NSixty's "parroting" of the claim, without more, does not meet the pleading requirements

NSixty's does nothing more than parrot back the language of the claim with no factual enhancement.  For the '115 patent, Paragraph 20 of the complaint, simply states:

> 20.  The two photo booths are portable, contain integrated cameras configured to record video, have integrated network connections for connecting to the Internet, have integrated graphical user interfaces for inputting a user's identification data, and can connect to a user's online "social media" account for sharing recorded video.

*Id.* at ¶20.

There is no articulation of what elements of the accused products actually meet these articulated limitations.  And the allegation for the '456 patent is no better.  For the '456 patent, NSixty merely states:

> For at least the same reasons alleged above, Defendant Open Air's "Open Air Photobooth" and "Micro Booth" photo booths both perform and enable Defendant Open Air's customers to perform the unique functions claimed in this patented system. For example, the two photo booths are portable, have integrated graphical user interfaces for inputting a user's identification data, contain integrated cameras configured to record video, have integrated network connections for connecting to the Internet, and can connect to a user's online "social media" account for sharing recorded video. On information and belief, the two photo booths are also configured to transmit captured media data to the online database of Open Air Photobooth Galleries.

*Id.* at 34.

NSixty does not provide explanation, at any level of detail, establishing how the accused products allegedly infringe the asserted patents—which it must do under Rule 8.  See *Apollo Fin., LLC*, 190 F. Supp. 3d at 943 (dismissing complaint where plaintiff provides no detail on how products infringe patents); *Asghari-Kamrani*, 2016 WL 1253533, at *4 ("Plaintiffs must detail how each claim is infringed."); *Raindance Techs., Inc.*, 2016 WL 927143, at *2 ("Plaintiff makes no attempt to relate any of their factual assertions with any of the asserted claims.").

NSixty does not specifically identify a single part, piece or apparatus of the accused products that allegedly meets the limitations of the claim.  See *Iqbal*, 556 U.S. at 678 (holding complaint not "sufficient if it tenders naked assertion[s] devoid of further factual enhancement" (internal quotation marks omitted)).  Rather, in conclusory fashion, NSixty merely states that the accused products meet the limitations of the claims and then parrots back the language of the claim.  That type of pleading has been specifically rejected by this Court.  See *Apollo Fin., LLC*, 190 F. Supp. 3d at 943 (dismissing complaint where plaintiff "simply identifies the allegedly infringing products and parrots the language of a direct patent infringement claim," providing no further specificity as to claim or accused products); *Atlas IP*, 2016 WL 1719545, at * 3 (finding complaint "fails to state a plausible claim for direct infringement" where the complaint "provides only a threadbare description of the alleged abilities of the accused device").

The Complaint's deficiencies are not mere formalities; they impede Defendant's ability to prepare a defense.  By failing to provide specific factual allegations, NSixty has not provided Defendant with appropriate notice of the accusations against them.  See *Kansas Penn Gaming, LLC*, 656 F.3d at 1215 ("This pleading requirement serves two purposes: to ensure that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense, and to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claims." (internal quotation marks

omitted)). To the extent NSixty has an infringement theory under which the Court could plausibly infer that any of Open Air's products infringe the asserted patents, NSixtyt must allege facts supporting such a theory. It does not. Thus, its Complaint fails to state a claim upon which relief can be granted, and it must be dismissed.

## IV. IN THE ALTERNATIVE, NSIXTY NEEDS TO PROVIDE MORE DEFINITE STATEMENTS

"If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Under Rule 12(e) a more definite statement is required when the complaint is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

If the Court determines that NSixty's claims against Open Air should not be dismissed—which they should—Open Air requests, under Rule 12(e), that Nsixty provide a more definite statement setting forth in sufficient detail NSixty's specific allegations against Open Air. As demonstrated above, the complaint is deficient in multiple respects. This vagueness makes it impossible for Open Air to determine what specific wrongdoing is at issue and inhibits Open Air's ability to prepare a meaningful Answer and defense to any of the claims the Complaint attempts to allege. At a minimum, NSixty needs to address the deficiencies identified by this motion to dismiss.

## V. CONCLUSION

For the reasons stated above, the Court should dismiss all of NSixty's claims against Open Air with prejudice. In the alternative, to the extent that any individual claim survives, the Court should order NSixty to file a more definite statement to address the deficiencies identified.

| | | |
|---|---|---|
| 1 | Dated: March 28, 2018 | Respectfully Submitted, |
| 2 | | |
| 3 | | By: */s/ W. Chad Shear* <br> W. Chad Shear (SBN 230602) <br> shear@fr.com |
| 4 | | Fish & Richardson P.C. <br> 555 West Fifth Street, 31st Floor |
| 5 | | Los Angeles, California 90013 <br> Tel: (213) 533-4240/Fax: (877) 417-2378 |
| 6 | | |
| 7 | | ***Attorneys for Defendant*** <br> OPEN AIR ENTERTAINMENT LLC |

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 28, 2018 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5-4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

                                            */s/ W. Chad Shear*
                                            W. Chad Shear
                                            shear@fr.com