Tom Watson (SBN: 227264)
twatson@grsm.com
Margaret M. Drugan (SBN: 175324)
mdrugan@grsm.com
**GORDON REES SCULLY MANSUKHANI, LLP**
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

John F. Bennett (*pro hac vice*)
jbennett@ulmer.com
**ULMER & BERNE LLP**
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone: (513) 698-5000
Facsimile: (513) 698-5153

Attorneys for Plaintiff
NSIXTY, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NSIXTY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>OPEN AIR ENTERTAINMENT LLC,<br><br>Defendant. | Case No. 2:17-cv-8650-PSG (FFMx)<br><br>**PLAINTIFF NSIXTY, LLC'S OPPOSITION TO DEFENDANT OPEN AIR ENTERTAINMENT LLC'S MOTION TO DISMISS**<br><br>Judge: Hon. Philip S. Gutierrez<br>Hearing: May 7, 2018<br>Time: 1:30 pm<br>Courtroom: 6A |

## I. PRELIMINARY STATEMENT

Defendant Open Air Entertainment LLC ("Open Air") infringed—and continues to infringe—two patents of Plaintiff NSixty, LLC. ("NSixty"). But the merits of NSixty's patent infringement are not disputed at this stage of the case.

The present issue, of course, is whether the complaint gives Defendant *fair notice* of NSixty's claims and the grounds upon which they rest. Defendant unquestionably understands NSixty's claims, and because the complaint states a plausible claim for patent infringement under the controlling standard, this Court should deny Defendant's motion to dismiss.

## II. STATEMENT OF FACTS

NSixty owns patents directed to video communication systems. (Compl. ¶ 1.) Defendant offers kiosks that record messages that can be accessed through the web. (*Id*. ¶¶ 19-25.) About five months after NSixty notified Defendant of its infringement, NSixty sued Defendant for patent infringement on November 30, 2017. (*Id*. ¶ 14.)

Defendant has not answered the complaint. After receiving two extensions, Defendant now moves to dismiss the complaint for allegedly failing to state a claim.

The two asserted patents are straightforward yet innovative. Both patents are directed to portable kiosks that record video messages that can be accessed later over a network, such as a website. And both patents are titled "Video Communication System and Method for Using Same." (*Id*. ¶¶ 7-8, 18, 33.)

The first patent—U.S. Patent No. 8,619,115 ("the '115 patent")—issued on December 31, 2013. The second patent—U.S. Patent No. 9,313,456 ("the '456 patent") issued on April 12, 2016. (*Id*. ¶¶ 19-26.)

Defendant offers two video kiosks—which it calls "photobooths"—that practice at least claim 1 of the '115 patent and claim 1 of the '456 patent. Both photobooths have cameras that can record video messages, and, using an integrated

graphical user interface, users can share these video messages on Defendant's online database or online through the users' social media accounts, such as Facebook, Twitter, and Instagram. (*Id.* ¶¶ 19-26, 34.)

## III. THE COMPLAINT STATES A CLAIM FOR PATENT INFRINGEMENT

### A. The Standard for Dismissing Claims under Rule 12(b)(6)

In patent cases, determining whether a complaint states a claim requires application of regional circuit law. *McZeal v. Spring Nextel Corp.*, 501 F. 3d 1354, 1355-56 (Fed. Cir. 2007). Here, as in other circuits, the relevant inquiry is whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *TeleSign Corp. v. Twilio, Inc.*, No. CV 16-2106 PSG (SSX), 2016 WL 4703873, at *2 (C.D. Cal. Aug. 3, 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). That is, the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. A court does not look at whether the plaintiff will "ultimately prevail but whether the [plaintiff] is entitled to offer evidence to support the claims." *Dragasits v. Yu*, No. 16-CV-1998 BEN (JLB), 2017 WL 3141802, at *7 (S.D. Cal. July 24, 2017), report and recommendation adopted 2017 WL 4044909 (S.D. Cal. Sept. 13, 2017) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

As applied to patent cases, this Court recognizes a claim has facial plausibility when the plaintiff "describe[s] its technology and state[s] that Defendant's technology did functionally the same thing." *TeleSign*, 2016 WL 4703873 at *4 (citing *Incom Corp. v. Walt Disney Co.*, No. CV15-3011 PSG (MRWX), 2016 WL 4942032, at *3 (C.D. Cal. Feb. 4, 2016) (a plaintiff states "a

plausible claim for direct infringement by specifically identifying Defendants' products and alleging that they perform the same unique function as Plaintiff's patented system")); *see also Bender v. LG Electronics U.S.A., Inc.*, No. C 09-02114 JF (PVT), 2010 WL 889541, at *6 (N.D. Cal. Mar. 11, 2010) (holding a complaint sufficiently pleads a claim for patent infringement if it includes "a brief description of what the patent at issue does and an allegation that certain named and specifically identified products or product components also do what the patent does, thereby raising a plausible claim that the named products are infringing").

### B. This Court Should Deny Defendant's Rule 12(b)(6) Motion

Here, under this Court's standard, NSixty's claims have facial plausibility. In fact, NSixty went further than merely satisfying the requirements of Rule 8, and this Court therefore should deny Defendant's motion to dismiss.

As an initial matter, the complaint states a plausible claim for patent infringement "by specifically identifying Defendants' products and alleging that they perform the same unique function as Plaintiff's patented system." *TeleSign*, 2016 WL 4703873 at *4. Indeed, after identifying the limitations and functions recited in claim 1 of the '115 patent, the complaint expressly provides:

> 19. Defendant Open Air's "Open Air Photobooth" and "Micro Booth" photo booths both perform and enable Defendant Open Air's customers to perform the unique functions claimed in this patented system.

(Compl. ¶ 19.)

And after likewise identifying the limitations and functions recited in claim 1 of the '456 patent, the complaint similarly provides:

> 34. For at least the same reasons alleged above, Defendant Open Air's "Open Air Photobooth" and "Micro Booth" photo booths both perform and enable Defendant Open Air's customers to perform the unique functions claimed in this patented system. . . .

(*Id.* ¶ 34.)

Although unnecessary, the complaint also identifies and explains why Defendant's two kiosks satisfy the claimed limitations. As Defendant recognizes in its motion to dismiss, claim 1 of the patent recites (1) a portable kiosk, (2) a camera configured to record a video communication, (3) a network connection, and (4) a graphical user interface for inputting identification data. (Def.'s Mem. at 2.) Defendant's motion also includes the claim's preamble—"a video communication system"—but the preamble is not a requirement of the claim. *Bicon, Inc. v. Straumann Co.*, 441 F.3d 945, 952 (Fed. Cir. 2006). Nevertheless, the complaint describes how Defendant's kiosks satisfy each of the limitations of the claim.

For example, the complaint expressly alleges that each of the accused kiosks (1) is portable, (2) contains a camera configured to record a video communication, (3) has a network connection, and (4) has a graphical user interface for inputting identification data. (Compl. ¶¶ 20, 23, 34.) The complaint also explains that Defendant's kiosks connect to databases and allow users to visit websites to view video messages recorded by Defendant's kiosks. (*Id.* ¶¶ 20, 21, 25, 26, 34.)

Defendant erroneously argues that Rule 8 requires ***much, much more***—that NSixty allegedly must, to state a claim, (1) identify "the actual parts that meet these limitations" and (2) identify the "information that was relied on to make this accusation." (Def.'s Mem. at 2.) Defendant's accused "photobooths"—as described by Defendant, (*id.*)—contain cameras, of course, and Defendant's website—quoted in the complaint—touts the photobooths' integration with "Facebook, Twitter, and Instagram." (Compl. ¶ 21.) These two facts alone make NSixty's patent claims plausible because a standalone, portable photobooth cannot record and share video content to a user's social media account without practicing claims of the two asserted patents. Requiring NSixty to identify the kiosks' cameras by model number, for example, would accomplish nothing except to waste attorneys' fees. Indeed, although unnecessary to resolve Defendant's motion, Defendant includes

this very information on Defendant's website. (*See, e.g.*, http://www.openairphotobooth.com/open-air-photobooth/ - "Top case houses the adjustable studio strobe, Canon DSLR camera, Windows 64-Bit custom computer system and touch screen monitor interface, while the bottom case houses the professional dye-sublimation printer.") Despite Defendant's protestations, the absence of such additional detail in the complaint ***does not*** "impede Defendant's ability to prepare a defense." (Def.'s Mem. at 7.)

Next, although Defendant's motion cites this Court's *Incom* decision in recognizing that "Form 18 no longer provides a safe harbor for pleading direct infringement," (Def.'s Mem. at 5), Defendant's motion ignores *Incom's* articulation of the standard for pleading a claim for patent infringement under Rule 8. And Defendant mischaracterizes the only other case that Defendant cites from this district, *Apollo Fin., LLC v. Cisco Sys., Inc.*, 190 F. Supp. 3d 939 (C.D. Cal. 2016).

Citing *Apollo Finance*, Defendant asserts that NSixty's "type of pleading has been specifically rejected by this Court." (Def.'s Mem. at 7.) The complaint in *Apollo Finance,* however, contains none of the detail of NSixty's complaint.

Here, as discussed above, the complaint describes the patented technology, identifies patent claim limitations, identifies Defendant's infringing photobooths, alleges that these photobooths perform the same unique functions as NSixty's patented system claims, and alleges additional facts that demonstrate why these photobooths perform the patented functions.

In *Apollo Finance*, on the other hand, the ***entirety*** of the allegations for patent infringement consists of the following:

> 12. Upon information and belief, Defendant practices the methods as claimed by the '038 Patent through the production, use and sale of the Cisco WebEx product and related products, hereafter, individually and collectively, "Accused Products".

|   |   |
|---|---|
| 1 | 13. On information and belief, the Accused Products practice the |
| 2 | methods covered by claims of the '038 Patent. |

(Complaint, Dkt. # 1, 2:15-CV-9696 RSWL (PJWx), ¶¶ 12-13.)

In other words, the plaintiff in *Apollo Finance* did not identify specific products ("Cisco WebEx product *and related products*") or any allegedly infringing functionality of any specific products. Not surprisingly, the Court found that "Plaintiff is not clear on what the Accused Products are, or how, if at all, they may be infringing on the '038 Patent." *Apollo Fin.,* 190 F. Supp. 3d at 943. This case could not be more different. NSixty's complaint identifies exactly *which* of Defendant's photobooths infringe and *why* they infringe. Because the complaint states claims for patent infringement, this Court should deny Defendant's motion to dismiss.

## IV.  CONCLUSION

This Court should reject Defendant's request either to require a heightened pleading standard or to decide the merits of the case at the pleading stage. For all the foregoing reasons, this Court should deny Defendant's motion to dismiss. If the Court should find that NSixty's allegations in the complaint are inadequate in any respect, NSixty respectfully requests that this Court grant NSixty leave to amend the complaint. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015).

Dated: April 16, 2018            GORDON REES SCULLY MANSUKHANI, LLP

By:  */s/  Margaret M. Drugan*
     MARGARET M. DRUGAN
     Attorneys for Plaintiff
     NSIXTY, LLC